**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JULIA BAKER, individually, and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**CASE NO:**
**DIVISION: TAMPA**

**GREYSTAR MANAGEMENT SERVICES, L.P.,**

**Defendant.**
_______________________________________/

# CLASS ACTION COMPLAINT

Plaintiff, Julia Baker (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned counsel, brings this class action against Defendant, Greystar Management Services, L.P. (hereinafter "Greystar" or "Defendant"), and alleges:

## I. INTRODUCTION

1. This class action arises from Greystar's unlawful taking of Security Deposits from its residential tenants. Specifically, Greystar violates the Florida Residential Landlord Tenant Act ("FRLTA"), Fla. Stat. §83.40 et seq. by (a) prematurely taking tenant security deposits; and (b) failing to provide tenants the statutorily required Notice of Intention to Impose a Claim on Security Deposit Letter ("Security Deposit Letter") in which Greystar also unlawfully seeks a setoff from the security deposits for amounts allegedly due over and above the security deposit in

violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class members in the proposed Class, the combined claims of proposed Class members exceed $5,000,000, exclusive of interest and costs, and at least one Class member is a citizen of a state other than Defendant's state of citizenship. This Court also has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and most of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendant is subject to personal jurisdiction in this District.

## III. PARTIES

4. Plaintiff Julia Baker is a natural person who resides in Tampa, Florida, is a Florida citizen and is a "consumer" as that term is defined by Fla. Stat. §559.55(8). Plaintiff has standing to bring a claim under the FCCPA because she was directly affected by violations of these Acts and had money taken from her in the form of a security deposit in connection with Greystar's illegal and improper debt collection activities.

5. Plaintiff, at all material times herein, was a "tenant" pursuant to Fla. Stat. §83.43(4). "Tenant" means any person entitled to occupy a dwelling unit under a rental agreement, pursuant to the FRLTA.

6. Defendant, Greystar Management Services, L.P. is a Delaware limited partnership, authorized to do business in Florida, whose principal address is 465 Meeting Street, Suite 500, Charleston, South Carolina. Greystar conducts business in this District and other Districts in Florida.

## IV. FACTUAL ALLEGATIONS

### A. Background on Greystar

7. Greystar is the property management arm of Greystar Real Estate Partners ("Greystar Real Estate"). Greystar Real Estate owns $76 billion of assets, consisting primarily of multi-family real estate.

8. Fueled in large part by a series of multi-billion-dollar acquisitions by Greystar Real Estate, Greystar has become the largest apartment manager in the United States with over 857,000 units under management.[1]

9. Although Greystar Real Estate owns each apartment complex through various holding companies, all are managed by Greystar.

10. Greystar provides management, maintenance, leasing, security deposit administration, and billing services for the tens of thousands of units that it manages for Greystar across Florida.

---

[1] https://web.archive.org/web/20231209140828/https://www.greystar.com/business-services/investment-management/text-version-quarterly-metrics-graphic

11. Greystar handles new tenant leasing and utilizes a standard form lease agreement for all its Florida properties. (**Exhibit A**, Plaintiff's "Lease"). The Lease is a standard form produced by the National Apartment Association.

12. Greystar collects and is responsible for the administration and return of its tenant's security deposits at all properties it manages in Florida.

13. After a tenant moves out, Fla. Stat. §83.49(3)(a) requires Greystar to either return the security deposit in full to a tenant within 15 days of moveout, or it can send a certified mail notice of its intent to impose a claim against a tenant's security deposit that includes the statutory language required by Fla. Stat. §83.49(3)(a) within 30 days of move out ("Security Deposit Letter"):

14. However, when Greystar seeks to impose a claim upon a tenant's security deposit, Greystar fails to send a Security Deposit Letter that complies with Fla. Stat. §83.49(3)(a).

15. Furthermore, Greystar is responsible for collecting and refunding tenant security deposit across all properties under its management in Florida.

16. Within days of moveout, Greystar prepares a standard form Move Out Statement (**Exhibit B, "**Move Out Statement") that includes an itemized list of deductions for alleged damages or amounts owed and states at the bottom: "you must respond to this notice by mail within 7 days after receipt otherwise you will forfeit the amount claimed for damages. Please visit us online to make your payment." (Exhibit B).

17. The Move Out Statement shows that Greystar has prematurely claimed the entirety of tenants' security deposits and has automatically applied it to utility charges and various fees allegedly due to Greystar. (Exhibit B) Thus, Greystar has already taken possession and control of the security deposit funds before tenants have an opportunity to object to those charges in violation of the FRLTA.

18. Greystar also illegally provides former tenants with only 7-days to "respond" as opposed the required 15-days to object. (Exhibit B). Greystar also fails to inform former tenants that if they object to the amounts allegedly owed, then the entire security deposit will be returned.

19. After illegally withholding the tenants' security deposits, Greystar continues to reach out to former tenants to demand that they make payment in excess of the security deposit, payable to Greystar Receivables Department. (**Exhibit C**, "Collections Email").

20. Upon information and belief, Greystar's routine practice is to immediately take possession and control over tenant security deposits, not to send a Security Deposit Letter, and to issue non-compliant Move Out Statement, via email, to all Florida tenants.

**B. The Florida Residential Landlord Tenant Act ("FRLTA") Governs Security Deposits Procedures.**

21. The FRLTA requires strict compliance regarding residential leases that require security deposits. The Act contains requirements for disclosures in the lease and procedures that must be followed before a claim can be made against the security

deposit funds. Fla. Stat. § 83.49(2) of the FRLTA governs lease disclosure requirements and states:

> (2) The landlord shall, in the lease agreement or within 30 days after receipt of advance rent or a security deposit, give written notice to the tenant which includes disclosure of the advance rent or security deposit. . . The written notice must:
>
> (a) Be given in person or by mail to the tenant.
>
> (b) State the name and address of the depository where the advance rent or security deposit is being held or state that the landlord has posted a surety bond as provided by law.
>
> (c) State whether the tenant is entitled to interest on the deposit.
>
> (d) Contain the following disclosure:
>
> YOUR LEASE REQUIRES PAYMENT OF CERTAIN DEPOSITS. THE LANDLORD MAY TRANSFER ADVANCE RENTS TO THE LANDLORD'S ACCOUNT AS THEY ARE DUE AND WITHOUT NOTICE. WHEN YOU MOVE OUT, YOU MUST GIVE THE LANDLORD YOUR NEW ADDRESS SO THAT THE LANDLORD CAN SEND YOU NOTICES REGARDING YOUR DEPOSIT. THE LANDLORD MUST MAIL YOU NOTICE, WITHIN 30 DAYS AFTER YOU MOVE OUT, OF THE LANDLORD'S INTENT TO IMPOSE A CLAIM AGAINST THE DEPOSIT. IF YOU DO NOT REPLY TO THE LANDLORD STATING YOUR OBJECTION TO THE CLAIM WITHIN 15 DAYS AFTER RECEIPT OF THE LANDLORD'S NOTICE, THE LANDLORD WILL COLLECT THE CLAIM AND MUST MAIL YOU THE REMAINING DEPOSIT, IF ANY.
> IF THE LANDLORD FAILS TO TIMELY MAIL YOU NOTICE, THE LANDLORD MUST RETURN THE DEPOSIT BUT MAY LATER FILE A LAWSUIT AGAINST YOU FOR DAMAGES. IF YOU FAIL TO TIMELY OBJECT TO A CLAIM, THE LANDLORD MAY COLLECT FROM THE DEPOSIT, BUT YOU MAY LATER FILE A LAWSUIT CLAIMING A REFUND.
> YOU SHOULD ATTEMPT TO INFORMALLY RESOLVE ANY DISPUTE BEFORE FILING A LAWSUIT. GENERALLY, THE PARTY IN WHOSE FAVOR A JUDGMENT IS RENDERED WILL

> BE AWARDED COSTS AND ATTORNEY FEES PAYABLE BY THE LOSING PARTY.
> THIS DISCLOSURE IS BASIC. PLEASE REFER TO PART II OF CHAPTER 83, FLORIDA STATUTES, TO DETERMINE YOUR LEGAL RIGHTS AND OBLIGATIONS.

Fla. Stat. § 83.49(2) (the "Security Deposit Lease Language").

22. Greystar's standard form Lease includes the required disclosure language. (Exhibit A, p. 2). Thus, Greystar is aware of its obligations under the FRLTA is bound to follows them both under the FRLTA and under the terms of its own Lease.

23. The FRLTA also includes specific provisions for how claims are to be made against a tenant's security deposit. Fla. Stat. §83.49(3)(a) of the FRLTA further states:

> (a) Upon the vacating of the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or the landlord shall have 30 days to give the tenant written notice by certified mail to the tenant's last known mailing address of his or her intention to impose a claim on the deposit and the reason for imposing the claim. The notice shall contain a statement in substantially the following form:
>
> > This is a notice of my intention to impose a claim for damages in the amount of __________ upon your security deposit, due to _______________. It is sent to you as required by s. 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to (landlord's address) .
>
> If the landlord fails to give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the security deposit

> and may not seek a setoff against the deposit but may file an action for damages after return of the deposit.

24. The landlord cannot prematurely apply the security deposit monies towards an outstanding balance in the Security Deposit Letter because at the time the letter is sent, the landlord has no legal right to those funds:

> (b) Unless the tenant objects to the imposition of the landlord's claim or the amount thereof within 15 days after receipt of the landlord's notice of intention to impose a claim, **the landlord <u>may then</u> deduct the amount of his or her claim and shall remit the balance of the deposit to the tenant within 30 days after the date of the notice of intention to impose a claim for damages.** The failure of the tenant to make a timely objection does not waive any rights of the tenant to seek damages in a separate action.

Fla. Stat. § 83.49(3)(b)(emphasis added)

25. The Florida legislature also added Fla. Stat. § 83.49(1)(a) to the FRLTA which prevents landlords from prematurely taking possession of security deposits:

> The landlord shall not comingle such moneys with any other funds of the landlord or hypothecate, pledge, or in any other way make use of such moneys **until** such moneys are actually due the landlord.

Fla. Stat. § 83.49(1)(a) (emphasis added).

26. Greystar routinely violates Fla. Stat. §83.49(3)(a) of the Landlord Tenant Act in five ways: (1) it fails to send a Security Deposit Letter via certified mail, (2) it fails to send a complaint Security Deposit Letter at all, (3) it fails to provide the tenant with 15 days to object to its claims against their security deposit before taking possession and control of the Deposit, (4) it issues a Move Out Statement that contains

a 7 day to response deadline; and (5) it fails to return the security deposit if an objection is received.

27. Additionally, according to the Moveout Statement, Greystar takes possession and control of tenant security deposit funds upon moveout and well before the 15-day objection period had expired in violation of the FRLTA.

28. Greystar routinely fails to send any legally sufficient Security Deposit Letter to its tenants before taking possession of the tenant's security deposit in violation of Fla. Stat. §83.49(3)(a).

29. Plaintiff on behalf of herself and the Class seek a return of all security deposits in full as a result of the numerous FRLTA violations, and statutory and actual damages under the Florida Consumer Collection Practices Act ("FCCPA") for asserting a legal right to tenant security deposits when that right does not exist, and damages for breach of the Lease.

**C. Plaintiff's Facts**

30. On July 7, 2022, Plaintiff entered a standard form Lease with a landlord identified as CPUS Midtown, LP, for a property located at 3730 Midtown Drive, Unit 1304, Tampa Florida, 33607 (the "Property"). The term of the Lease ran through July 7, 2023. (Exhibit A, p. 1)

31. The Lease identifies Greystar Management Services, LP as the manager of the apartment. Greystar is "authorized to receive notices and demands on the landlord's behalf." *Id.*

32. Upon information and belief, the Lease is a standard form that Greystar utilizes with all its Florida tenants.

33. In paragraph 4 of the Lease, Greystar requires a security deposit in the amount of $200.00 and requires that the tenant initial acknowledging that Greystar has provided the required FRLTA disclosure language, pictured below:

> ______LB______ **Initials of Resident.** Resident acknowledges receiving a copy of F.S. 83.49(2)(d) which provides as follows:
>
> YOUR LEASE REQUIRES PAYMENT OF CERTAIN DEPOSITS. THE LANDLORD MAY TRANSFER ADVANCE RENTS TO THE LANDLORD'S ACCOUNT AS THEY ARE DUE AND WITHOUT NOTICE. WHEN YOU MOVE OUT, YOU MUST GIVE THE LANDLORD YOUR NEW ADDRESS SO THAT THE LANDLORD CAN SEND YOU NOTICES REGARDING YOUR DEPOSIT. THE LANDLORD MUST MAIL YOU NOTICE, WITHIN 30 DAYS AFTER YOU MOVE OUT, OF THE LANDLORD'S INTENT TO IMPOSE A CLAIM AGAINST THE DEPOSIT. IF YOU DO NOT REPLY TO THE LANDLORD STATING YOUR OBJECTION TO THE CLAIM WITHIN 15 DAYS AFTER RECEIPT OF THE LANDLORD'S NOTICE, THE LANDLORD WILL COLLECT THE CLAIM AND MUST MAIL YOU THE REMAINING DEPOSIT, IF ANY.
>
> IF THE LANDLORD FAILS TO TIMELY MAIL YOU NOTICE, THE LANDLORD MUST RETURN THE DEPOSIT BUT MAY LATER FILE A LAWSUIT AGAINST YOU FOR DAMAGES. IF YOU FAIL TO TIMELY OBJECT TO A CLAIM, THE LANDLORD MAY COLLECT FROM THE DEPOSIT, BUT YOU MAY LATER FILE A LAWSUIT CLAIMING A REFUND.
>
> YOU SHOULD ATTEMPT TO INFORMALLY RESOLVE ANY DISPUTE BEFORE FILING A LAWSUIT. GENERALLY, THE PARTY IN WHOSE FAVOR A JUDGMENT IS RENDERED WILL BE AWARDED COSTS AND ATTORNEY FEES PAYABLE BY THE LOSING PARTY.
>
> THIS DISCLOSURE IS BASIC. PLEASE REFER TO PART II OF CHAPTER 83, FLORIDA STATUTES, TO DETERMINE YOUR LEGAL RIGHTS AND OBLIGATIONS.

(Exhibit A, p. 2)

34. Plaintiff complied with all Lease obligations during her tenancy.

35. On April 28, 2023, Plaintiff provided written notice via email that she intended to vacate the premises on the last day of the lease, July 7, 2023.

36. On June 14, 2023, Greystar sent a moveout confirmation email to Plaintiff advising that her moveout had been scheduled for the last day of the lease, July 7, 2023. (**Exhibit D**, "Move Out Confirmation"). In its Move Out Confirmation email, Greystar went on to describe the various conditions that that must be met for "release of the security deposit." *Id.*

37. Plaintiff moved out of the apartment on July 7, 2023.

38. On July 12, 2023, Greystar prepared a Move Out Statement in which it asserted claims for $160 in cleaning fees and $42.78 in a final water bill. (Exhibit B). The Move Out Statement does not include the require FRLTA language (Fla. Stat. § 83.49(3)(a)) and instead includes language that is directly contradictory to Plaintiff's rights under the FRLTA, stating "[y]ou must respond to this notice by mail within 7 days after receipt otherwise you will forfeit the amount claimed for damages. Please visit us online to make your payment." (Exhibit B)

39. By August 7, 2023, Greystar failed to provide a complaint Security Deposit Letter by Certified Mail within 30 days of moveout and forfeited its right to make a claim against Plaintiff's security deposit. Fla. Stat. § 83.49(3)(a).

40. Because Plaintiff never received a compliant Security Deposit Letter within 30-days, Plaintiff emailed Greystar and demanded return of her security deposit on both August 23, 2023 and September 18, 2023. In response to Plaintiff's demands, Greystar finally respond on September 20, 2023 with its Collections Email and a copy of the Move Out Statement. (Exhibit C).

41. Despite apparently creating the Move Out Statement on July 12, 2023, Greystar did not send the Move Out Statement to Plaintiff until its Collections Email. *Id.* Greystar also attached a few photos showing a purported dirty oven and a paper towel in a trash can as the reason why Plaintiff was charged a $160 cleaning fee. *Id.*

42. On September 20, 2023 in its Collections Email (Exhibit C) and its Move Out Statement (Exhibit B), Greystar demanded that Plaintiff make a payment of $2.78 after Greystar had already withheld Plaintiff's $200 security deposit. However, Greystar may only seek to collect such amounts after returning Plaintiff's security deposit.

43. Upon information and belief, it is Greystar's routine business practice to unlawfully claim/deduct/take ownership of tenants' security deposits before the Fla. Stat. § 83.49(3)(a) 15-day objection period expires for all its tenants.

44. Upon information and belief, it is Greystar's routine business practice to send an unlawful Move Out Statement, improperly telling tenants that they only have 7 days to "respond" to the notice via mail, when the tenants are legally entitled to 15-days to object. Fla. Stat. § 83.49(3)(a).

## V. CLASS REPRESENTATION ALLEGATIONS

45. Plaintiffs brings this action as a class action pursuant to Rule 23 (b)(2) and (b)(3), of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated as members of the Class listed below:

> **BREACH OF CONTRACT CLASS:** All persons in the State of Florida who (1) entered a standard form lease substantially similar to Exhibit A; (2) had any portion of their security deposit retained; and (2) did not

> receive a compliant Fla. Stat. § 83.49(3)(a) Security Deposit Letter via certified mail within thirty days of moveout.

Collectively the "Class."

46. The Class Period begins five years prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

47. Plaintiffs brings this action as a class action pursuant to Rule 23 (b)(2) and (b)(3), of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated as members of the Class listed below:

> **SECURITY DEPOSIT LETTER SUBCLASS:** All persons in the State of Florida who (1) had any portion of their security deposit retained and (2) did not receive a compliant Fla. Stat. § 83.49(3)(a) Security Deposit Letter via certified mail within thirty days of moveout.

Collectively the "Security Deposit Letter Sub-class."

48. The Class Period begins four years prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

49. Plaintiffs also brings this action as a class action pursuant to Rule 23 (b)(2) and (b)(3), of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated as members of the Class listed below:

> **COLLECTIONS CLASS:** All persons in the State of Florida who received a collections communication in substantially the same form as Exhibit B or Exhibit C, from Greystar and had any portion of their security deposit subsequently retained and/or any amount above their security deposit demanded.

Collectively the "Collections Sub-class."

50. The Class Period for the Collections Sub-class begins two years prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

51. Plaintiffs are unable to state the exact number of members of the Class, the Security Deposit Letter Class, and the Collections Sub-class because that information is solely in the possession of Greystar. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records. The putative Class and Collections Sub-class includes hundreds of Florida tenants due to the number of properties that Greystar operates and manages within the state.

52. Greystar utilizes the same standard form Lease, Move Out Statement, and Collections Email in connection with its collection efforts for security deposit withholdings and routinely fails to provide a Security Deposit Letter including its notice to impose a claim on security deposits in compliance with the FRLTA. Therefore, the putative Class, Security Deposit Letter Sub-class, and Collections Sub-class is so numerous that joinder of all members would be impracticable.

53. Questions of law and fact common to the Plaintiff and Class exist and predominate over questions affecting only individual members. Specifically, the predominating common questions include:

a. Whether Defendant breached its standard for lease agreement by not providing Security Deposit Letters to tenants by certified mail within

30-days of move out which include the statutory language required by FRLTA § 83.49(3)(a);

b. Whether Defendant violated the FRLTA by not providing Security Deposit Letters to tenants by certified mail within 30-days of move out which include the statutory language required by FRLTA § 83.49(3)(a);

c. Whether Defendant's act of taking possession and control over tenant Security Deposits prior to expiration of the 15-day objection period violates the FRLTA § 83.49(3)(b);

d. Whether Defendant's Move Out Statement, containing a 7-day period to "respond" violates the 15-day objection period required by the FRLTA § 83.49(3)(b);

e. Whether Defendant's attempt to seek a setoff against tenant security deposits through its Move Out Statement and Collections Email without first providing a Notice Letter in compliance with FRLTA § 83.49(3) and failing to wait for the 15-day objection period to expire before taking possession of those amounts, makes its collection efforts unlawful in violation of FCCPA § 559.72(9);

f. Whether the members of the Class have sustained damages, and if so, the proper measure of damages, including actual and statutory.

54. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Class, Security Deposit Letter Sub-class, and Collections

Sub-class because, upon information and belief, Greystar use standardized form documents and policies when asserting claims against tenant Security Deposits and when attempting to collect debts from Florida tenants after move out.

55. The claims of Plaintiffs and of the Class, Security Deposit Letter Sub-class, and Collections Sub-class originate from the same conduct, practice, and procedure, on the part of Greystar. Plaintiffs possess the same interests and has suffered the same injuries as each putative class member.

56. The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because she has no interest antagonistic to the Class, Security Deposit Letter Sub-class, and FCCPA Sub-class they seek to represent, and because the adjudication of their claims will necessarily decide the identical issues for other class members. Whether the Defendant's practice of failing to provide proper notice of its intent to assert a claim against the security deposits of Plaintiff and the class violates the Lease, the FRLTA and/or FCCPA are common issues that will be decided for all other consumers with similar or identical move out packets and collection letters. There is nothing peculiar about Plaintiff's situation that would make them inadequate as a Class Representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

57. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress

individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each violation are capped at $1,000.00 under the FCCPA. It would be difficult, if not impossible, to obtain counsel to represent Plaintiffs on an individual basis for such small claims. In addition, if the consumer were to utilize the Florida Residential Landlord Tenant Act, Fla. Stat. § 83.49(3)(b) to get the Security Deposit back, the same issues would arise, including the need to pay for an attorney and the cost of filing suit and serving Greystar. This is why both the FRLTA and the FCCPA provide for attorney fees to the prevailing Plaintiff.

58. More importantly, the vast majority of the Class, Security Deposit Letter Sub-class, and FCCPA Sub-class members are not aware the Defendant's policies violate the FCCPA and the FRLTA and a class action is the only viable means of adjudicating their rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendant and class actions are commonly used in such circumstances and Greystar has the records necessary to determine class membership and damages.

## <u>COUNT I:</u><br>VIOLATION OF THE FLORIDA RESIDENTIAL LANDLORD AND TENANT ACT,<br>FLA. STAT. § 83.40 *et seq*. ("FRLTA")<br>On Behalf of the Security Deposit Class

59. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. After a tenant moves out, Fla. Stat. § 83.49(3)(a) requires landlords to either return the deposit in full within 15 days of moveout or send a certified mail notice of intent to impose a claim against a tenant's security deposit within 30 days of move out:

> (a) Upon the vacating of the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or the landlord shall have 30 days to give the tenant written notice by certified mail to the tenant's last known mailing address of his or her intention to impose a claim on the deposit and the reason for imposing the claim. The notice shall contain a statement in substantially the following form:
>
> > This is a notice of my intention to impose a claim for damages in the amount of upon your security deposit, due to . It is sent to you as required by s. 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to (landlord's address).

61. The FRLTA is clear and unambiguous regarding the penalty for the landlord's noncompliance with the Security Deposit Letter requirement:

> If the landlord fails to give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the Security Deposit and may not seek a setoff against the deposit but may file an action for damages **after return of the deposit**.

Fla. Stat. § 83.49(3) (emphasis added).

62. When a tenant receives a Security Deposit Letter within 30 days of move out, Fla. Stat. § 83.49(3)(b) provides the tenant 15 days to object to the claims made against their security deposit. If the tenant does not object to the claim, under Fla. Stat. §83.49(3)(b), then and only then can the landlord take possession of the tenant's security deposit monies. In other words, the landlord cannot apply the security deposit monies towards an outstanding balance in the Security Deposit Letter at all until after a Security Deposit Letter has been provided and the 15-day objection period has expired. The FRLTA clarifies this point as follows:

> (b) Unless the tenant objects to the imposition of the landlord's claim or the amount thereof within 15 days after receipt of the landlord's notice of intention to impose a claim, **the landlord may then deduct the amount of his or her claim and shall remit the balance of the deposit to the tenant within 30 days after the date of the notice of intention to impose a claim for damages.** The failure of the tenant to make a timely objection does not waive any rights of the tenant to seek damages in a separate action.

Fla. Stat. 83.49(3)(b)(emphasis added).

63. The Florida legislature added another section to the FRLTA that prevents landlords from prematurely taking possession of tenants' security deposits to offset security deposit claims, Fla. Stat. § 83.49(1)(a) states that:

> The landlord shall not comingle such moneys with any other funds of the landlord or hypothecate, pledge, or in any other way make use of such moneys **until** such moneys are actually due the landlord.

(emphasis added).

64. Greystar took control and possession of Plaintiffs' and Class Members' security deposits prior to sending a compliant Security Deposit Letter by certified mail pursuant to Fla. Stat. § 83.49(3)(b), and prior to waiting for the 15-day objection period to expire. Fla. Stat. § 83.49(3)(b) is clear that security deposit monies are not due to a landlord until after the 15-day objection period has lapsed without any objection from the tenant.

65. Here, the 15-day objection period never even began to run because Greystar failed to send a legally sufficient Security Deposit Letter at all. Even if it had, Greystar unlawfully took possession and control over the security deposits of all tenants on the same day they moved out, which is well before any notice letter was sent and before the 15-day objection period could have run.

66. By doing so Greystar also made use of Plaintiff's and Class Members monies before the use of such monies was actually due in violation of Fla. Stat. § 83.49(1)(a).

67. Therefore, Greystar violated Fla. Stat. § 83.49(3)(b) and Fla. Stat. § 83.49(1)(a) by taking the tenant security deposits prematurely.

68. In addition, Greystar utilizes a template Move Out Statement that expressly violates the FRLTA by including the following violative language:

Property Manager's Signature

7/12/23
Date

You must respond to this notice by mail within 7 days after receipt otherwise you will forfeit the amount claimed for damages. Please visit us online to make your payment.

(Exhibit B)

69. Plaintiff and the Class are legally entitled to 15-days to object, not 7-days to "respond." Fla. Stat. § 83.49(3)(a). As such, the Move Out Statement is a violation of the FRLTA.

70. Plaintiff and Class Members suffered actual damages by Greystar equal to the amount of any security deposits withheld, plus interest.

71. In accordance with Fla. Stat. § 83.48, Plaintiff and the Class are entitled to attorney's fees and costs.

**COUNT II**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA")**
**On Behalf of the Collections Sub-class**

72. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

73. In recognition of abusive, deceptive, and unfair practices by those that collect debts, the Florida legislature passed Fla. Stat. §§ 559.55 – 559.785, known as the Florida Consumer Collections Practices Act ("FCCPA").

74. The FCCPA defines "Debt" or "consumer debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which

the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Fla. Stat. § 559.55.

75. For purposes of the FCCPA, monies allegedly due, over and above a security deposit, for alleged damage to an apartment are considered a "debt." *Jonquinta Edwards v. New Three Seasons, LTD d/b/a Three Seasons Mobile Home Village*, Case No. 2019-SC-3609 (Fla. 4th Jud. Cir. Nov. 6, 2019).

76. "Debt collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

77. For purposes of the FCCPA, when Greystar engages in the practice of collecting debts, including damages related to the properties that it manages, its collections practices are governed by the FCCPA. *Jonquinta Edwards v. New Three Seasons, LTD d/b/a Three Seasons Mobile Home Village*, Case No. 2019-SC-3609 (Fla. 4th Jud. Cir. Nov. 6, 2019) (granting a plaintiff summary judgment under the FCCPA for a landlord's debt collections practice in violation of the FRLTA).

78. At all times material herein, Plaintiff and the FCCPA Sub-class members were "debtors" or "consumers" as defined by Fla. Stat. § 559.55(8).

79. At all times material herein, the amounts allegedly due to be paid to Greystar in connection with their Leases, and as set forth on the Move Out Statement

or in Collection Email after move out were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6).

80. At all times material herein, Greystar was a "person" as referred to under Fla. Stat. § 559.72.

81. Among the FCCPA's enumerated prohibitions, Fla. Stat. §559.72(9) states that "no person shall"… "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, **or assert the existence of some other legal right when such person knows that the right does not exist**." Fla. Stat. §559.72(9)(emphasis added).

82. The FRLTA states:

> If the landlord fails to give the required notice within the 30-day period, **he or she forfeits the right to impose a claim upon the Security Deposit and may not seek a setoff against the deposit but may file an action for damages after return of the deposit."**

Fla. Stat. § 83.49(3)(a).

83. Accordingly, the FRLTA only allows for the landlord to "seek a setoff against the [security] deposit" if a compliant Security Deposit Letter was issues and the 15-day objection period expired without objection by the tenant.

84. Here, Greystar's systematic policy is to not provide the required Security Deposit Letter explaining its intent to impose a claim against the security deposit before taking possession of the security deposit funds. Instead of explaining that it intended to impose a claim against the Security Deposit IF no objection was filed within 15 days of receipt of the notice letter, Greystar first takes possession and control

of the security deposit on the date of Plaintiff and Class Members move out and fails to send the statutorily required language and providing the tenant 15 days to object.

85. Defendant's practice of deducting claims from the security deposit or completely withholding the deposits without first providing a compliant Security Deposit letter under Fla. Stat. §83.49(3)(a) violates the FCCPA, Fla. Stat. §559.72(9) as it asserts the right to seek a set off from the security deposit, which is a legal right that Greystar did not have. *Jonquinta Edwards v. New Three Seasons, LTD d/b/a Three Seasons Mobile Home Village*, Case No. 2019-SC-3609 (Fla. 4th Jud. Cir. Nov. 6, 2019) (holding that withholding a tenant's security deposit without complying with the notice requirements of the FRLTA is a violation of the FCCPA).

86. Furthermore, § 83.49(3)(a) provides that Greystar cannot "seek a setoff against the deposit" if the required notice is not provided. Thus, it unlawfully seeks a setoff against the security deposit of Plaintiffs and the class as it deducts from the total amount due the amount of the security deposit before it had any legal right to those funds. As a result, Greystar's subsequent Collections Email and Move Out Statement asserts a legal right that Greystar did not have because at the time the Collection Communication and Move Out Statement was sent, a compliance Security Deposit Letter had not been given.

87. Defendant had full knowledge of the FRLTA as a property management company that handles security deposits tens of thousands of multi-family units in Florida and cannot claim ignorance of the law. It had no right under the law to impose its claims on Security Deposits and collected those funds anyway.

88. The FCCPA is a strict liability statute and therefore, Defendant should be held liable from its policy of collecting deposits without proper notice.

89. As a direct and proximate result of Defendant's FCCPA violation, Plaintiffs and the FCCPA Class suffered actual damages in the form of (1) security deposits withheld by Defendant; (2) amounts paid to Greystar after sending a Move Out Statement in the form of Exhibit B or a Collections Email in the form of Exhibit c; and statutory interest on such amounts.

90. Plaintiff and the Class are also entitled to statutory damages of $1,000 per class member and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2)

**COUNT III**
**Breach of Contract**
**On Behalf of the Class**

91. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

92. Plaintiff and the Class entered into identical lease agreements, an example of which is reflected in Plaintiff's Lease. (Exhibit A.)

93. Plaintiff and the Class complied with all obligations mandated within the Lease.

94. The Lease expressly incorporates the requirements of the FRLTA, Fla. Stat. § 83.49, into the Lease. (Exhibit A, p. 2).

95. Valid laws in effect at the time a contract is entered into become part of the contract as if expressly incorporated into the contract. *Gordon v. State*, 608 So. 2d 800 (Fla. 1992).

96. Pursuant to the Lease, after a tenant moves out Greystar was required to either return the deposit in full within 15 days of moveout or send a certified mail notice of intent to impose a claim against a tenant's security deposit within 30 days of move out. (Exhibit A, p. 2)

97. Greystar failed to send timely send a Security Deposit Letter, as required by the Lease, and failed to return Plaintiff and the Class Members security deposits in full.

98. As a result of Greystar's breach, Plaintiff and the Class Members suffered actual damages by failing to receive their security deposit which they are contractually owed.

99. Because of Greystar's breach, Plaintiff and the Class Members have retained the undersigned counsel to represent them in this action and are required to pay them a reasonable fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action pursuant to Federal Rule of Civil Procedure Rule 23;

b. Appointing named Plaintiff as Class Representative;

c. Appointing the undersigned counsel as Class Counsel;

d. Declaring that Greystar violated both the Florida Residential Landlord and Tenant Act ("FRLTA") and the Florida Consumer Collection Practices Act

("FCCPA") and thus awarding Plaintiff and Class Members actual damages in the amount of the security deposits possessed by Greystar;

e. Awarding statutory damages to Plaintiff and Class Members under the FCCPA;

f. Awarding court costs and attorney's fees to Plaintiff and Class Members pursuant to the FCCPA and the FRLTA;

g. Forbidding Greystar from sending Move Out Statements similar to Exhibit B in the manner described in this Complaint;

h. Declaring Greystar materially breached its Lease Agreements with Plaintiff and Class Members, and awarding appropriate damages due to this breach;

i. Declaring that Greystar has been unjustly enriched by Plaintiff and Class Members and ordering Greystar to return all security deposits wrongfully and unlawfully withheld; and

j. Awarding any other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 23, 2024

**VARNELL & WARWICK, P.A.**

/s/ Jeffrey L. Newsome
Brian W. Warwick; FBN: 0605573
Janet R. Varnell; FBN: 0071072
Pamela G. Levinson, FBN: 538345
Jeffrey L. Newsome; FBN: 1018667
Christopher J. Brochu; FBN: 1013897
400 N Ashley Drive, Suite 1900
Tampa, FL 33602
Telephone: (352) 753-8600

Facsimile: (352) 504-3301
*bwarwick@vandwlaw.com*
*jvarnell@vandwlaw.com*
*plevinson@vandwlaw.com*
*jnewsome@vandwlaw.com*
*cbrochu@vandwlaw.com*
*ckoerner@vandwlaw.com*
*mjett@vandwlaw.com*

***Attorneys for Plaintiffs, and on behalf of all others similarly situated***